**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:  )<br>  )<br>CRACKED EGGERY INC,  )<br>  )<br>  Debtor and Debtor-In-Possession.  )<br>  )<br>CRACKED EGGERY INC,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>DONALD H. PATTERSON AS TRUSTEE  )<br>DONALD H. PATTERSON, III  )<br>REVOCABLE TRUST  )<br>830 Chester Avenue  )<br>Annapolis, MD 21403  )<br>  )<br>  Defendant.  )<br>  ) | Case No. 24-00416-ELG<br>Chapter 11, Subchapter V<br><br><br><br>Adv. Proc. No. _____ |

**COMPLAINT TO AVOID LIEN(S) OR OTHER INTEREST(S) IN DEBTOR'S
PROPERTY AND FOR DECLARATORY RELIEF**

Cracked Eggery Inc., by and through its undersigned counsel, McNamee Hosea, P.A., files this Complaint to Avoid a Lien or declare it invalid alleging as follows, and in support thereof, states as follows:

**PARTIES AND JURISDICTION**

Kevin R. Feig (Fed Bar 460479)
Janet M. Nesse (Fed Bar No. 358514)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
kfeig@mhlawyers.com
jnesse@mhlawyers.com
*Proposed Counsel for Cracked Eggery, Inc.*

1. Plaintiff Cracked Eggery, Inc. ("Cracked Eggery" or "Plaintiff") is a corporation organized under the laws of the District of Columbia.

2. Cracked Eggery is the debtor and debtor-in-possession in the underlying chapter 11, Subchapter V bankruptcy case (Case No. 24-00416) filed on December 5, 2024 (the "Petition Date").

3. Defendant, the Donald H. Patterson, III Revocable Trust (the "Defendant" or "Patterson Trust"), is a shareholder, owning a 37.5% equity interest in the Debtor and is a creditor of Cracked Eggery, claiming a security interest.

4. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334, 2201, 11 U.S.C. §§ 544(b), § 547, DC Code § 28-3105(b) and the Local Rules of the United States District Court for the District of Columbia. This is a "core proceeding" in which this Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157.

5. Venue lies in this District pursuant to 28 U.S.C. § 1409.

## STATEMENT OF FACTS
### Background

6. Cracked Eggery is a corporation, organized under the laws of the District of Columbia and has been in operation since May 2019.

7. Cracked Eggery was founded by Michael Tabb ("Mike"), Andrew Zarinsky ("AJ"), and George Brickelmair ("Ross") collectively (the "Founders").

8. Prior to creating the concept of Cracked Eggery, the Founders gained extensive experience in restaurant operations at Georgetown Events, overseeing eleven restaurants which generated annual sales of $25-30 million.

9. After developing the concept, the Founders focused on getting Cracked Eggery off the ground. They hosted weekend events, participated in farmers markets, and cultivated a modest but growing revenue stream as they searched for the right investor.

10. In January 2020, they launched a food truck entirely funded by their personal investments. The truck allowed them to test and refine their menu and build a loyal customer base.[1]

11. Confident in their concept, the Founders decided it was time to move forward with brick-and-mortar locations.

12. Just prior to the onset of the COVID-19 pandemic, in mid-2020, the Founders secured a lease for a location in Shaw ("Shaw") (owned by Cracked Store 1, LLC), with another opportunity emerging in Cleveland Park ("Cleveland Park") (owned by Cracked Store 2, LLC). The stock of Shaw and Cleveland Park (collectively herein referred to as the "Restaurants") are the two principal assets of the Debtor.

13. Possessing limited resources to fund construction of the Restaurants, the Founders secured a $1 million loan for Cracked Eggery on or about June 21, 2021 from the Patterson Trust (the "Original Note") and provided the Patterson Trust with a 30% equity interest in the Debtor and making Mr. Patterson a Director of the Debtor. A Security Agreement in favor of the Patterson Trust was entered that same day but not recorded.[2]

14. In January 2021, Cracked Eggery opened its first brick-and-mortar location in Cleveland Park, marking a significant milestone.

15. On or about April 6, 2023, the Patterson Trust provided an additional cash infusion, which was consolidated with the balance due on the Original Note. As a result of this

---

[1] By the end of 2020, the food truck had generated over $300,000 in sales and laid the foundation for the brand's future success.

[2] The Original Note, and Security Agreement, were subsequently entirely cancelled and replaced with an unsecured Replacement Note.

3

cash infusion, a new, **unsecured**, note was signed (the "Replacement Note"). The Replacement Note provided the Defendant with an additional 7.5% equity interest in the Debtor. The Replacement Note is attached hereto and incorporated herein as Exhibit 1.

16. The Replacement Note includes an integration clause which provides that the Replacement Note constitutes the entire contract between the Debtor and the Defendant with respect to subject matter and supersedes all previous agreements and understandings, oral or written, with respect thereto. *See*, Replacement Note at ¶ 13.

17. No new security agreement was executed to accompany the Replacement Note, nor does the Replacement Note include any language suggesting that the Debtor or the Defendant intended for it to be secured by any of the Debtor's assets.

18. Additionally, on or about April 6, 2023, the Defendant executed a Cancellation of Promissory Note (the "Cancellation") of the Original Note. In the Cancellation, the Defendant specifically acknowledges that it is the holder of an "unsecured Amended and Restated promissory Note," that the Original "Note has been superseded and replaced in its entirety with a single new unsecured promissory note made by [Debtor] dated April 6, 2023 and payable to the [Defendant] in the total principal amount of $1,350,286.36," and the Defendant further acknowledged that the Original Note has been "cancelled and terminated in its entirety." *See*, ¶¶ 1, 4 and 5 of the Cancellation of Promissory Note attached hereto as Exhibit 2.

19. On December 8, 2023, less than one year before the filing of the present case, and despite the complete cancellation of the Original Note and the execution of the unsecured Replacement Note, the Patterson Trust—while Mr. Patterson, the sole Trustee of the Trust, was also serving as a Director of the Debtor, thereby qualifying as an Insider under 11 U.S.C. § 101(31)(B)—filed, or caused to be filed, a UCC Financing Statement with the DC Office of Tax

4

and Revenue, Recorder of Deeds. The UCC Financing Statement is attached hereto and incorporated herein as Exhibit 3.

20. The filing of the UCC Financing Statement, which purports to create a lien in favor of the Patterson Trust, is a transfer as defined by 11 U.S.C. § 101(54) (the "Transfer").

21. On or about April 23, 2024, Mr. Patterson submitted his notice of his resignation from the Board of Directors of the Debtor ("Resignation Letter"). The Resignation Letter is attached hereto and incorporated herein as Exhibit 4.

## COUNT I – PREFERENTIAL TRANSFER – 11 U.S.C. § 547

22. The Debtor realleges and incorporates paragraphs 1-21 as if set forth in full herein.

23. The Transfer constitutes a transfer of the Debtor's interest in property.

24. The Transfer was to or for the benefit of the Defendant, who was a creditor of the Debtor at the time of the Transfer.

25. The Transfer was made for or on account of an antecedent debt owed from the Debtor to the Defendant before such transfer was made.

26. The Transfer was made when the Debtor was insolvent based on Debtor's reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c).

27. The Transfer was made to an insider as defined in 11 U.S.C. § 101(31)(B)(i), as the Defendant owned 37.5% of the Debtor and was a director of the Debtor on December 8, 2023, which is between ninety days and one year before the date of the filing of the petition. Additionally, because the Defendant owns more than 20% of the Debtor's outstanding voting

securities, the Defendant is an affiliate as defined in 11 U.S.C. § 101(2), and thus an insider as defined in 11 U.S.C. § 101(31)(E).

28.     The Transfer enabled the Defendant to receive more than it would have received if (a) the case was a case under Chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) the Defendant received only such distribution from the Chapter 7 estate as to which it is entitled under the Bankruptcy Code.

29.     The Transfer constitutes a voidable preferential transfer pursuant to 11 U.S.C. § 547 and the purported lien is therefore avoidable pursuant to 11 U.S.C. § 547.

WHEREFORE, the Debtor respectfully requests the following relief:

a.      That the Court enter judgment in favor of the Debtor and against the Patterson Trust;

b.      That the Court issue an Order avoiding the Transfer;

c.      That the Court issue an Order deeming the Transfer void and canceling the lien; and

d.      Grant such other relief as is just and proper.

### COUNT II – DECLARATORY RELIEF DETERMINING THAT DEFENDANT'S PURPORTED LIEN AGAINST THE DEBTOR'S ASSETS IS INVALID AND VOID AB INITIO

30.     The Debtor realleges and incorporates paragraphs 1-29 as if set forth in full herein.

31.     As a result of the Cancellation of the Original Note on or about April 6, 2023, which acknowledged that the Replacement Note was unsecured, the Security Agreement executed with the Original Note, was no longer valid.

32. A creditor must have a valid security agreement, signed by the borrower, in order to record a valid UCC Financing Statement.

33. The Defendant filed its UCC Financing Statement more than eight months after it signed the Cancellation of the underlying Original Note, and the parties executed an unsecured Replacement Note, and at a time when it did not possess a valid, signed, security agreement related to the Replacement Note.

34. The Defendant did not, and does not now, possess a valid, signed security agreement for the Replacement Note at the time it recorded the Financing Statement. Therefore, the Defendant does not possess a valid lien against any of the Debtor's property

WHEREFORE, the Debtor respectfully requests the following relief:

a. That the Court enter judgment in favor of the Debtor and against the Patterson Trust declaring that the UCC Financing Statement filed by the Defendant with the DC Office of Tax and Revenue, Recorder of Deeds is invalid and void; and

b. Grant such other relief as is just and proper.

### COUNT III – FRAUDULENT CONVEYANCE – 11 U.S.C. § 544(b) AND D.C. CODE § 28-3105(b)

35. The Debtor realleges and incorporates paragraphs 1-34 as if set forth in full herein.

36. The Transfer constitutes a transfer of the Debtor's interest in property.

37. The Transfer was to or for the benefit of the Defendant, who was a creditor of the Debtor at the time of the Transfer.

38. The Transfer was made when the Debtor was insolvent.

39. The Transfer was made to an insider as defined in DC Code § 28-3101(7)(B)(i), since the Defendant owned 37.5% of the Debtor and was a director of the Debtor on December

7

8, 2023, which is less than one year before the date of the filing of the petition. Further, Defendant owns more than 20% of the outstanding voting securities of the Debtor, making Defendant an affiliate as defined in DC Code § 28-3101 (1)(i), and therefore an insider as defined in DC Code § 28-3101(E).

40. The Transfer constitutes an avoidable fraudulent conveyance pursuant to 11 U.S.C. § 544 and DC Code § 28-3105(b), and the purported lien is therefore avoidable.

WHEREFORE, the Debtor respectfully requests the following relief:

a. That the Court issue an Order avoiding the Transfer as a fraudulent transfer pursuant to 11 U.S.C § 544 and DC Code § 28-3105(b);

b. That the Court issue an Order deeming the Transfer void and canceling the lien; and

c. Grant such other relief as is just and proper.

Dated: <u>January 8, 2025</u>　　　　　　　　　　　MCNAMEE, HOSEA, P.A

　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Kevin R. Feig*
　　　　　　　　　　　　　　　　　　　　　　　　Kevin R Feig (Fed Bar No. 460479)
　　　　　　　　　　　　　　　　　　　　　　　　Janet M. Nesse (Fed Bar No. 358514)
　　　　　　　　　　　　　　　　　　　　　　　　McNamee Hosea, P.A.
　　　　　　　　　　　　　　　　　　　　　　　　6404 Ivy Lane, Suite 820
　　　　　　　　　　　　　　　　　　　　　　　　Greenbelt, Maryland   20770
　　　　　　　　　　　　　　　　　　　　　　　　(301) 441-2420
　　　　　　　　　　　　　　　　　　　　　　　　kfeig@mhlayers.com
　　　　　　　　　　　　　　　　　　　　　　　　jnesse@mhlawyers.com
　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Debtor/Plaintiff*